## Treese v. Price, Appellant.

*Appeals—Assignments of error—Quashing appeal.*

An appeal should be quashed where none of the assignments of error are self-sustaining.

*Courts—Jurisdiction — Orphans' Court — Common Pleas — Demurrer.*

In an action of assumpsit a demurrer cannot be sustained where its grounds are that the defendant was dead when the suit was instituted, that his estate was in course of distribution in the Orphans' Court, and that the jurisdiction of the Orphans' Court was exclusive.

Argued May 4, 1915.    Appeal, No. 190, May T., 1915, by defendant, from judgment of C. P. Cambria Co., June T., 1913, No. 223, on verdict for plaintiff in case of S. W. Treese v. Lydia R. Price, Administratrix of E. T. Price, deceased. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.    Affirmed.

Assumpsit for rent.    Before STEPHENS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,023.39.    Defendant appealed.

*Errors assigned* were (1-3) in admitting certain testimony without quoting the testimony; (4) in refusing

motion for nonsuit; (5) in refusing defendant's point without quoting the point; (6) portion of the charge; (7) refusal of a motion for a new trial, and (8) in not sustaining the motion for nonsuit.

*F. P. Martin,* with him *John J. Martin,* for appellant.

*Harvey Roland,* with him *Wm. Davis,* for appellee.

OPINION BY HEAD, J., March 1, 1916:

The case at bar presents a remarkable record. Not a single one of the assignments of error upon which we are asked to reverse the judgment is self-sustaining. When the record would be finally returned to the Court of Common Pleas of Cambria County, nothing would remain in the Superior Court save the assignments of error and the judgment. The assignments as they appear would furnish no support whatever for the judgment that is sought. They should therefore be quashed.

But an examination of the entire record of the trial leads to the conclusion that no harmful error was committed even though some of the rulings of the learned trial judge were technically incorrect. In his statement the plaintiff averred that he sued to recover rent for real estate which was described, and which it was averred had been in the occupation of the defendant's decedent in his lifetime, for which the latter was to pay fifty-five dollars per month rent. Here then was a reasonably clear averment that the relation of landlord and tenant had been created between the plaintiff and the defendant's decedent; that the latter had occupied and enjoyed the demised premises and that the amount of rent payable monthly was the sum of fifty-five dollars. To this statement the defendant saw fit to file a demurrer. The grounds of demurrer were that the defendant was dead at the time the suit in the Common Pleas was instituted; that his estate was in the course of distribution in the Orphans' Court, and that under the circumstances

the jurisdiction of that court was exclusive and the Common Pleas was without power to entertain the action. The demurrer was overruled, a plea was entered and the case went to trial. Now it is clear enough that by filing the demurrer and raising defense only on the legal propositions therein set up, the defendant admitted every fact well averred in the statement or declaration. On the trial the plaintiff therefore could have offered his statement of claim and the demurrer and his prima facie case on the facts would be made out. It is of course true that by the death of the defendant, the surviving landlord became an incompetent witness to testify adversely to the interest of the decedent as to any matter that had occurred between them in the lifetime of the tenant. But the whole record discloses that the real point in controversy, outside of the legal questions raised by the demurrer, had reference to the disposition and use of certain collateral which had been placed in the hands of the landlord and did not go to the existence of the relation between them or the amount of rent reserved under that relation. With these matters the Orphans' Court will be fully competent to deal when it comes to a question of distribution.

That the grounds of demurrer were not well taken is plain enough. It does not follow that because one is dead and his estate is in course of settlement in the Orphans' Court, his creditor may not maintain an action in the Common Pleas for the purpose of determining the liability of the deceased and liquidating the amount of the indebtedness. If the creditor seeks to maintain against the real estate of his deceased debtor the lien which is created by the death of the latter, he not only may but must bring his action in the Common Pleas within the statutory period.

But apart from this altogether the record shows that in dealing with the auditor's report, which recommended the dismissal of the plaintiff's claim because of something connected with the collateral referred to—and

144, (1916).]          Opinion of the Court.

about this the present record gives us no information—
the learned judge of the Orphans' Court, being advised
of the pendency of the action in the Common Pleas, gave
but a qualified confirmation to the report of the auditor.
That is to say, he confirmed the report without prejudice
to the right of the claimant to pursue his action in the
Common Pleas, and it appears from the opinion of the
learned trial judge refusing a new trial that this was
upon the suggestion of counsel who had reached the
conclusion that the question could be better threshed
out in the latter court.

We need not go further into this record, not only be-
cause of the insufficiency of the assignments of error,
but because we are convinced no substantial injustice
was done.  We overrule the specifications.

Judgment affirmed.